THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EMANUEL L. GOODHART, Plaintiff in Error.

*Opinion filed February 25, 1911.*

1. STATUTES—*the word "person" may be applied to corporation.* Under clause 5 of section 1 of the act concerning the construction of statutes, the word "person" or "persons," as well as all words referring to or importing persons, may extend to and be applied to corporations as well as individuals.

2. CONFIDENCE GAME—*indictment need not allege names of persons connected with the corporation defrauded.* The fact that sections 98 and 99 of division 1 of the Criminal Code, concerning the confidence game, mention persons, only, and not corporations, does not preclude the punishment, under such sections, of one obtaining money or property of a corporation by means of the confidence game; nor is it necessary to allege in the indictment the names of the persons connected with the corporation whose minds were inspired with confidence by the defendant's scheme.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding.

WING & WING, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (THOMAS MARSHALL, and CLAUDE F. SMITH, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was convicted of attempting to obtain money from the London Auto Supply Company, a corporation, by means and use of the confidence game and sentenced to imprisonment in the penitentiary. He has brought the case here by writ of error and seeks to reverse the judgment because of the insufficiency of the indictment. After the verdict of the jury was returned finding him guilty he entered a motion in arrest of judgment, and the action of the court in overruling said motion is the only error assigned on this record.

Section 98 of the Criminal Code reads as follows: "Every person who shall obtain, or attempt to obtain, from any other person or persons, any money or property, by means or by use of any false or bogus checks, or by any other means, instrument or device, commonly called the confidence game, shall be imprisoned in the penitentiary not less than one year nor more than ten years." Section 99 is as follows: "In every indictment under the preceding section, it shall be deemed and held a sufficient description of the offense, to charge that the accused did, on, etc., unlawfully and feloniously obtain, or attempt to obtain, (as the case may be,) from A B (here insert the name of the person defrauded or attempted to be defrauded,) his money (or property, in case it be not money,) by means and by use of the confidence game."

Section 98 does not mention a corporation, and section 99 requires the indictment to state the name of the person defrauded or attempted to be defrauded, and does not mention a corporation. The indictment here charges plaintiff in error with attempting to obtain money from the London Auto Supply Company, a corporation, by means of the confidence game. The point made is, that the essential element of the crime is the act by which the defendant seeks to influence or create confidence in the mind of another, in

order that he may swindle such person out of his money or property; that a corporation has no mind and can only act through its officials or representatives, and where the offense is obtaining, or attempting to obtain, money from a corporation, the indictment should name the person or persons upon whose mind the defendant was operating and attempting to effect an imposition. As supporting his position plaintiff in error cites *State* v. *McChesney,* 90 Mo. 124. In that case the indictment charged the defendant with attempting to obtain property from certain persons, firms and corporations comprising a voluntary association known as the Brewers' Association of St. Louis and East St. Louis. The names of the persons forming the partnership or voluntary association were not set out in the indictment.

The fifth clause of section 1 of chapter 131 of Hurd's Statutes of 1909 provides that "the word 'person' or 'persons,' as well as all words referring to or importing persons, may extend and be applied to bodies politic and corporate as well as individuals." An indictment in the form prescribed by the statute where the attempt was to defraud a natural person was sustained by this court in *Graham* v. *People,* 181 Ill. 477. In *State* v. *Turley,* 142 Mo. 403, the same question under a statute similar to ours was raised that is raised here by plaintiff in error. The court said: "Another contention is that the indictment is invalid because it does not allege that the representations were made to any person or human being connected with said corporation, nor that the representations alleged to have been made by defendant were ever communicated to any officer, director or stockholder of said corporation, nor that said representations were relied on or believed by any officer, director or stockholder of said Springfield Stove Works. No such allegations were necessary, but it was sufficient if the same allegations were made that would be necessary

in an indictment for the same kind of offense against a natural person.  A corporation is 'a body consisting of one or more persons established by law for certain specific purposes, with the capacity of succession (either perpetual or for a limited period) and other special privileges not possessed by individuals yet acting in many respects as an individual.'  (4 Am. & Eng. Ency. of Law, 185.)  It can only speak and act through its board of directors or agents. Its directors are limited in number by its charter, but it may have any number of agents.  No one would contend that representations of the character of those defendant is charged with making, if made in writing and addressed to a corporation, would render it necessary to allege that they were relied upon by some particular director or agent of the corporation, and the same rule applies when such statements and representations are verbal.  The indictment sufficiently informed the defendant of the nature of the offense charged against him, and was in all respects, so far as we have been able to discover, free from objection." Similar rulings were made in *State* v. *Hulder,* 78 Minn. 524, and *Norris* v. *State,* 25 Ohio St. 217.  In the Ohio case the court said: "We hold that the word 'person,' as used in the statute, includes artificial as well as natural persons."  We think this the construction to be placed upon our statute.

In our opinion the indictment was sufficient and defendant could not have been prejudiced by the failure to state the name or names of the person or persons connected with the corporation to whom the false representations were made.

The judgment is affirmed.          *Judgment affirmed.*